UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JOSEPH LAMAR ANGLIN,**

    **Plaintiff,**

v.                                               Case No. 3:20cv2695-TKW-EMT

**EDWIN LEAVITT-GRUBERGER,**

    **Defendants.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 12) and Plaintiff's objections (Doc. 13).[1]  Based on my de novo review of the issues raised in the objections, I agree with the magistrate judge that this case is due to be transferred to the United States District Court for the District of New Jersey.

The Court has not overlooked Plaintiff's argument based on the factors in 28 U.S.C. §1404(a).  However, that statute only applies when a case is initially filed in a <u>proper</u> venue and the Court is deciding whether another venue would be a more convenient forum.  Here, as explained in the Report and Recommendation, venue is

---

[1] The objections were in the form of a letter directed to Magistrate Judge Timothy, but because her involvement in the case ended when she issued her Report and Recommendation, the letter was referred to the Court for action and is being treated as an objection under Fed. R. Civ. P. 72(b)(2).

improper in this Court. Thus, the transfer of this case is governed by 28 U.S.C. §1406(a),[2] not §1404(a). *See Maid to Perfection Glob., Inc. v. Miller*, 2018 WL 8244570, at *6 (M.D. Fla. Aug. 22, 2018) ("Whereas 28 U.S.C. §1404(a) authorizes transfer of a case where venue is proper but an alternative venue would be more convenient, 28 U.S.C. §1406 authorizes transfer for a case, like the present case, where venue is improper.").

Under §1406(a), transfer is generally preferred over dismissal, particularly if dismissal would result in the suit being time-barred when it is refiled in the proper forum and the defendant would not be prejudiced by the transfer. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). However, dismissal is warranted if the plaintiff filed the suit in an improper venue in bad faith or to harass a defendant. *See Palmer v. Dau*, 2010 WL 2740075, at *2 (M.D. Fla. July 12, 2010) (citing Wright, Miller & Kane, *Fed. Practice & Procedure: Jurisdiction 2d* § 3827 at 262 (1998 & 2005 Supp.)).

Here, although it does not appear that Plaintiff's suit would be time-barred if it was dismissed (and despite the fact that the suit could be viewed as an effort to circumvent the New Jersey District Court's stay of a related case), the Court elects to transfer the case rather than dismiss it because Plaintiff is pro se and unfamiliar

---

[2] This statute provides: "The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."

2

with the nuances of federal court venue. That said, because this is the second case involving the same general subject matter that this Court has transferred to New Jersey based on improper venue, Plaintiff is cautioned that any future cases filed in this Court involving this same general subject matter will be subject to dismissal instead of transfer.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted by the Court and incorporated into this Order.
2. This case is **TRANSFERRED** to the United States District Court for the District of New Jersey, and the Clerk shall close the file in this Court.

**DONE and ORDERED** this 22nd day of June, 2020.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**